John J. Maher, Appellee, v. Marinus Hvid, Appellant.

Gen. No. 26,187.

AUTOMOBILES—*change of course without warning as contributory negligence.* In an action for damages to plaintiff's automobile, where the evidence showed that both plaintiff's and defendant's cars were proceeding along a street in a northerly direction; that plaintiff's car was slightly ahead and to the right of defendant's car; that plaintiff, without turning to see if it was safe to do so, turned to the left to enter a cross street; and that defendant did not see him put out his hand as a signal that he intended to turn, plaintiff was himself guilty of negligence and defendant was not negligent.

Appeal from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed with finding of facts. Opinion filed October 4, 1921.

PEDEN, GRAYDON, KAHN & MURPHY, for appellant.

HARRY BROWN and FRANK N. MOORE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $154.77 rendered after verdict against the defendant in the municipal court of Chicago in an action of the fourth class in tort.

Plaintiff in his statement of claim alleged, in substance, that on September 4, 1919, he was driving his

automobile north on Indianapolis boulevard, near its intersection with 103rd street, in the City of Chicago, and that, while plaintiff was in the exercise of due care for his own safety and that of his automobile, defendant so negligently operated his automobile and at such an excessive rate of speed that it ran into plaintiff's automobile and damaged it to the extent of $200. The jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at the sum of $179.77. Plaintiff remitted $25 and the court entered the judgment appealed from.

The main points urged by counsel for defendant as grounds 'of reversal are that plaintiff was himself guilty of negligence and that defendant was not guilty of any negligence.

It appears from the testimony of the several witnesses, in substance, that Indianapolis boulevard is a north and south street, having street car tracks laid therein, and that 103rd street is an east and west street; that plaintiff was employed at Whiting, Indiana, and on September 4, 1919, was returning from his work in his automobile, which he was driving north, seated on the left side of the front seat; that one Griffin was also seated on the front seat; that one Wagner and one Hartz were seated on the rear seat —Wagner being immediately behind plaintiff; that on the same day defendant was driving his automobile north in Indianapolis boulevard, seated on the left side of the front seat, and one Crean was seated on his right; that the two cars for some distance south of 103rd street had been running north, practically in parallel lines, both moving at a speed not exceeding 15 miles per hour and the front of defendant's car being about even with the rear end of plaintiff's car; that plaintiff's car was running between the east street car track and the east curb of Indianapolis boulevard, and defendant's car in said east street car track, and both on the right-hand side of the street; that as both cars

were approaching 103rd street plaintiff suddenly turned his car slightly to the left intending to go west in 103rd street, and defendant's car collided with it, causing some damage to it, but thereafter both cars continued in a northerly direction for a short distance, defendant's car passing plaintiff's on the left side, when both came to a stop. The evidence does not show that defendant's car at and immediately before the time of the collision was running at an excessive or unlawful rate of speed. Plaintiff testified that just before he turned his car to the left, he extended his left hand out from the car to indicate that he was about to make a turn towards the left, but there is no testimony tending to show that before making said turn he looked to the west or around towards the south to see if it was safe for him to turn his car towards the west and into 103rd street. Had he done so he could not have failed to see defendant's moving car in the position it then was. Defendant and his witness, Crean, both testified that immediately before the collision they did not see plaintiff extend his left hand out from his car, and in this they were corroborated by plaintiff's witness, Wagner.

We are of the opinion, under all the facts and circumstances in evidence, that, at and before the time of the collision, plaintiff was himself guilty of negligence in the operation of his automobile, and defendant was not guilty of any negligence in the operation of his automobile, and that the judgment of the municipal court should be reversed.

*Reversed with finding of facts.*

BARNES and MORRILL, JJ., concur.

Finding of Facts. We find as ultimate facts in this case that the plaintiff, Maher, at and before the time of the collision in question, was himself guilty of negligence in the operation of his automobile, and that the defendant, Hvid, at and before the time of said collision, was not guilty of any negligence in the operation of his automobile.